UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 11-md-02290-RGS

IN RE: JPMORGAN CHASE
MORTGAGE MODIFICATION LITIGATION

MDL ORDER No. 1

October 21, 2011

STEARNS, D.J.

1. This Order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation (MDL Panel) pursuant to its order of October 11, 2011 and entitled *In re: JPMorgan Chase Mortgage Modification Litigation*, and any tag-along actions transferred by the Panel after that date. This court will not accept the filing of any tag-along actions filed subsequent to this date without prior approval being obtained from the MDL Panel.

2. The actions subject to this Order are coordinated for pretrial purposes.

3. An MDL master file and docket has been established under Docket No. 1:11-md-02290-RGS. All pleadings and other papers filed in these actions shall bear this docket number and the following caption:

*In re: JPMorgan Chase Mortgage Modification Litigation*

Page 1 of 6

This document relates to: _____ .

4.  When a pleading or other paper relates to all actions covered by this Order, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption.  Filings related to "All Actions" shall be made in the master docket.  When a pleading or other paper relates to fewer than all of such actions, the separate caption and docket number assigned by the Clerk of this court for each individual action to which the pleading relates shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" Filings related to fewer than "All Actions" shall be made in the master docket and each individual action.

5.  All pleadings and other papers shall be filed electronically with the Clerk of this court, and not with the transferor court.  Any filing exceeding twenty (20) pages (including exhibits) should be filed electronically with a printed courtesy copy provided to this court.

6.  Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance in this court.  No parties in any of the transferred actions shall be required to obtain local counsel in this district and the requirements of Local Rule 83.5.3(b) are waived as to any attorney who filed an appearance in a transferred action and is duly admitted to practice before any United States Court.

7.  The organizational structure of Plaintiffs' counsel established by this Order shall bind Plaintiffs' counsel in the Actions, including any action subsequently governed by this Order.

8.  The court appoints (a) Roddy Klein & Ryan, (b) Levin Fishbein Sedran & Berman, (c) Keller Rohrback, LLP, and (d) Cuneo Gilbert & LaDuca, LLP as Interim Co-Lead Class Counsel.

9.  The court designates The National Consumer Law Center, Neighborhood Legal Services, Holland, Groves, Schneller & Stolze, LLC, Bolen, Robinson & Ellis, LLP, Mauriello Law Firm, APC, Lanza & Smith, PLC, The Grant Law Firm, PLLC, Carey, Danis & Lowe, Lockridge, Grindal, Nauen, PLLP, Lite DePalma & Greenberg, LLC, Friscia & Associates, LLC,  and Hudson, Mallaney, Shindler & Anderson, P.C. as the members of Plaintiffs' Executive Committee.

10.  Plaintiffs' Interim Co-Lead Class Counsel, after appropriate consultation and with the advice and consent of the Executive Committee, shall be responsible for coordinating and organizing Plaintiffs in the conduct of this litigation as to all claims and, in particular, shall have the following responsibilities:

a.      To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

b.      To initiate and conduct discovery proceedings;

c.      To act as spokesperson at pretrial conferences;

d.      To negotiate with defense counsel with respect to settlement and other matters;

e.      To call meetings of Plaintiffs' counsel when appropriate;

f.      To make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

g.      To assure that all Plaintiffs' counsel are kept informed of the progress of this litigation as necessary;

h.      To conduct trial and post-trial proceedings;

i.      To consult with and employ experts;

j.      To coordinate the filing of any joint fee petition by Plaintiffs' counsel;

k.      To perform such other duties and undertake such other responsibilities as it deems necessary or desirable; and

l.      To coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph.

11. The Executive Committee shall be consulted in an appropriate and efficient manner by Interim Co-Lead Class Counsel on substantive issues to assist in the

responsible and efficient prosecution of the litigation.  Interim Co-Lead Class Counsel shall seek the advice and consent of the Executive Committee in connection with major decisions regarding the prosecution and/or settlement of the litigation.

12. Interim Co-Lead Class Counsel and the Executive Committee shall together select working groups or committees to further the efficient prosecution of the litigation as is deemed necessary based on their collective judgment and consideration.

13.    All counsel representing plaintiffs shall maintain accurate and contemporaneous records of their time spent in this litigation and shall submit monthly time and expense reports to the Executive Committee no later than the 20 days after the end of each month.  The failure to maintain such records and submit timely reports may result in such time or expenses being disallowed for purposes of any fee petition.  The Executive Committee shall provide on a monthly basis to Interim Co-Lead Class Counsel an aggregate report of all time spent by Plaintiffs' counsel.

14. Interim Co-Lead Class Counsel, after consultation and with the advice and consent of the Executive Committee, shall assess the amounts necessary for common litigation costs necessary for the efficient and effective prosecution of the litigation and shall collect and maintain assessments from members of the Executive Committee. The failure to timely pay assessments may result in removal from membership on the Executive Committee.

15.  No communications between Interim Co-Lead Class Counsel, members of the Executive Committee, and other counsel representing plaintiffs in any cases consolidated or coordinated with this litigation, shall act as a waiver of any privilege or protection to which they are otherwise entitled.

16.  Parties will submit a joint scheduling order governing discovery and the filing of dispositive motions to this court within fourteen (14) days of this Order.

17.  Any orders, other than orders setting deadlines previously entered by this or any transferor court, shall remain in full force and effect unless modified by this court upon application.  All deadlines established prior to transfer of these actions are overridden and void.

18.  This Order shall be filed and docketed on the Master Docket and the docket of each of the individual cases consolidated under the Master Docket Number, at present and hereafter.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE